Joe Angelo (Bar #268542)
joe@galeangelojohnson.com
Gale, Angelo, & Johnson, P.C.
2999 Douglas Blvd., Ste. 111
Roseville, CA 95661
916-290-7778 ph
916-282-0771 fax

Attorney for Plaintiff
Nora Alonso

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Nora Alonso<br><br>Plaintiff,<br><br>v.<br><br>Sunbit, Inc.,<br><br>Defendant. | CASE NO. 2:26-cv-12285<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act<br>2. Violation of the Rosenthal Fair Debt Collection Practices Act<br>3. Invasion of Privacy |

COMES NOW Plaintiff Nora Alonso (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant Sunbit, Inc.'s violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment (including pre-recorded messages and artificial voices) when making calls to

consumers, and intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts.

2. Plaintiff brings this action against Defendant Sunbit, Inc. (hereinafter "Defendant" or "Sunbit") for its abusive and outrageous conduct in connection with debt collection activity.

3. Sunbit received at least **two** certified notices regarding Plaintiff's revocation of consent to be contacted by pre-recorded messages yet still called and otherwise contacted Plaintiff over 45 separate times.

4. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public's confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

//

//

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227.

8. This venue is proper pursuant to 28 U.S.C. §1391(b).

9. Plaintiff is a resident of the State of California and resides within the judicial district where this action is being brought.

10. Sunbit is a Delaware Corporation with its principal place of business located in Los Angeles, California.

## GENERAL ALLEGATIONS

11. Plaintiff is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

12. At all relevant times herein, Defendant Sunbit was engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

13. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

14. Plaintiff obtained a loan from Sunbit sometime in early 2025.

15. The loan extended to Plaintiff was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act as Plaintiff made personal and household purchases with the account.

16. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

17. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer

credit transaction, the money allegedly owed was a “consumer debt” within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

18. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a “debt collector” within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in “debt collection” within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a “person” within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

19. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes.

20. Plaintiff’s account was an unsecured loan and Plaintiff began making payments on the loan shortly after the account was obtained and used for household purchases.

21. Plaintiff eventually became financially unable to continue making payments on her account.

22. Defendant began contacting Plaintiff to inquire about the status of the account and to collect on the payments that were no longer being made.

23. Plaintiff sent Sunbit a letter informing Defendant that Plaintiff was withdrawing her consent to be contacted on her cellular telephone.

24. Plaintiff’s first notice was sent to Defendant on April 7, 2025.

25. Defendant continued to contact Plaintiff after the April 7, 2025 notice was sent to Defendant.

26. Frustrated by the ongoing calls, a second notice was sent to Defendant on May 26, 2025.

27. Defendant again continued to call Plaintiff after the May 26, 2025 notice revocation of consent was sent and subsequently received by Defendant.

28. Sunbit continued to call Plaintiff and leave collection reminders through the use of a pre-recorded message.

29. An unknown number of pre-recorded messages were left on Plaintiff's cellular telephone without her consent and after Sunbit received no less than **two** notices regarding Plaintiff's representation and revocation of consent.

30. Sunbit continued to contact and harass Plaintiff and continues to leave pre-recorded messages on Plaintiff's cellular telephone.

31. Defendant continued to contact Plaintiff after she revoked her consent; the type of contact was through multiple daily phone calls to Plaintiff's cellular telephone.

32. Defendant also emailed and sent various collection text messages to Plaintiff.

33. Defendant would call Plaintiff numerous times each day demanding payment on the account and often Plaintiff was contacted two or three times a day.

34. Defendant was aware Plaintiff was represented by counsel, as it received no less than two separate letters regarding representation, yet it continued to contact Plaintiff directly and without consent of Plaintiff's counsel.

35. Defendant continued to call Plaintiff on her cellular telephone after she had revoked her consent.

36. Defendant would use a pre-recorded voice when calling Defendant.

37. Defendant left pre-recorded messages on Plaintiff's cellular telephone.

38. As a result of Sunbit's harassment and improper collection efforts Plaintiff experienced a significant amount of emotional stress and annoyance.

39. Sunbit's calls interfered with Plaintiff's ability to focus on work and frequently interrupted her daily routine.

40.

## FIRST CAUSE OF ACTION

(Violation of the Rosenthal Act)

(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Sunbit)

41. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

42. Plaintiff provided written notice, twice, that she was represented by an attorney by sending Defendant a letter with the name, address, and contact information of her attorney and informed Defendant that she was represented.

43. The contact information of Plaintiff's counsel was provided in the notices that were sent to Defendant.

44. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

45. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

46. Plaintiff continued to be contacted after Defendant received Plaintiff's letters of representation.

47. The notice that Plaintiff sent to Defendant included the name of Plaintiff's attorney, the address of Plaintiff's attorney, and the phone number of Plaintiff's attorney.

48. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff over 45 times after receiving notice, twice, that Plaintiff had retained an attorney.

**SECOND CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Sunbit)

49. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

50. Defendant placed at least 45 calls to Plaintiff.

51. Plaintiff was contacted multiple times per day by Defendant.

52. Defendant sent written payment demands and collection notices to Plaintiff in addition to the phone calls.

53. Defendant violated Cal. Civ. Code §1788.11(d) by contacting Plaintiff over 45 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

## THIRD CAUSE OF ACTION

(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Sunbit)

54. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

55. Defendant placed at least 45 calls to Plaintiff.

56. Plaintiff was contacted multiple times per day by Defendant.

57. Defendant sent written payment demands and collection notices to Plaintiff in addition to the phone calls.

58. Defendant violated Cal. Civ. Code §1788.11(e) by contacting Plaintiff over 45 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

## FOURTH CAUSE OF ACTION

(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Sunbit)

56. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

57. Defendant placed over 45 calls to Plaintiff.

58. Plaintiff was contacted multiple times per day by Defendant.

59. Defendant knew that Plaintiff was represented by an attorney as it received two certified notices stating as much.

60. Defendant violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling Plaintiff after Defendant knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

**FIFTH CAUSE OF ACTION**
(Intrusion Upon Seclusion)
(Against Defendant Sunbit)

61. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

62. The California legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the Rosenthal Act.

63. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

64. Sunbit intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

65. Sunbit intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

66. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

67. These intrusions and invasions against Plaintiff by Sunbit occurred in a way that would be highly offensive to a reasonable person in that position.

68. Sunbit received at least two notices stating that it was no longer to contact Plaintiff as she was represented by counsel and revoked her consent to be contacted on her cellular telephone.

69. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Sunbit.

**Cal. Civ. Code § 3294**

70. Sunbit also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at hearing.

71. Sunbit had actual knowledge that it continued to violate both state and federal collection laws as it received two certified notices regarding representation of Plaintiff by an attorney.

72. These calls were made with knowledge that Plaintiff was represented by counsel and could not be communicating directly with Plaintiff, let alone without consent to leave pre-recorded messages.

73. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under both the Rosenthal Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

74. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, Defendant's illegal communications were done to intentionally subject Plaintiff to the unjust hardship of receiving at least 45 calls/pre-recorded messages.

75. The sheer volume of calls was intentionally designed to exhaust Plaintiff into paying Defendant.

76. Sunbit also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

**SIXTH CAUSE OF ACTION**

(Violation of the TCPA)
(47 USC § 227)
(Against Defendant Sunbit)

77. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

78. Defendant was first informed that Plaintiff revoked her consent to be contacted by Defendant in April of 2025 and again in May of 2025.

79. Defendant called Plaintiff repeatedly since Plaintiff withdrew her consent to be contacted by a pre-recorded message and/or artificial voice on her cellular telephone.

80. Defendant received Plaintiff's revocation of consent through mail although Defendant continued to contact Plaintiff on her cellular telephone.

81. Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

82. Defendant would contact Plaintiff multiple times each day regarding payment on the accounts.

83. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

84. Defendant contacted Plaintiff repeatedly after she revoked her consent to be contacted on her cellular telephone.

85. Defendant continued to contact Plaintiff multiple times each day on her cellular telephone despite receiving at least two separate notices of Plaintiff's revocation of consent.

86. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(A)(iii).

87. SUNBIT's calls were placed using an artificial and/or pre-recorded voice.

88. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by a pre-recorded message and/or artificial voice on at least two separate occasions.

89. These telephone calls by Defendant, or its agent, violated 47 U.S.C. 227(b)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at hearing, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

b. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32; and

c. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).

d. An award of statutory damages of $1,000 pursuant to Cal. Civ. Code § 1788.17, which incorporates 15 U.S.C. § 1692k

e. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c) and 15 U.S.C. § 1692k.

f. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

g. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

h. Pursuant to Cal. Civ. Proc. Code § 1287, et. seq. an award of fees and costs and sanctions against Defendant.

Gale, Angelo, Johnson, P.C.

Dated: October 21, 2026

By: */s/ Joe Angelo*
Joe Angelo
Attorney for Plaintiff